%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
EUFROSINA DIACONU

**DEFENDANTS**
SKYLINE TRANSPORTATION, et al.

(b) County of Residence of First Listed Plaintiff **Philadelphia**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Huntingburg, IN (Dubois)**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
**Eufrosina Diaconu, Plaintiff Pro Se, 533 E. Luray St., Philadelphia, PA 19120**

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question (U.S. Government Not a Party)

☒ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☒ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding

☒ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC §§ 1346(b), 2401(b) and 2671

Brief description of cause:
**Federal Tort Claims Act**

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE **Michael M. Baylson**
DOCKET NUMBER **Civil Action No. 08-3633**

DATE **Feb. 8, 2012**
SIGNATURE OF ATTORNEY OF RECORD *Pamela Foster Gibson*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44 Reverse (Rev. 12/07)

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __EUFROSINA DIACONU, 533 East Luray Street, Philadelphia, Pennsylvania 19120__

Address of Defendants: __SKYLINE TRANSPORTATION, 1008 Styline Drive, Huntingburg, IN 47542; JAMES E. COLLINS, Rt. 1, Box 396, Wallace, WV 26448;__

__WILSON, ELSER MOSKOWITZ, EDELMAN & DICKER LLP, The Curtis Ctr., Suite 1130 East, Philadelphia, PA 19106; DEFENSE LOGISTICS AGENCY,__

__700 Robbins Street, Philadelphia, PA 19111__

Place of Accident, Incident or Transaction: __Philadelphia, Pennsylvania__
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))　　　　Yes☐　No☒

Does this case involve multidistrict litigation possibilities?　　　　Yes☐　No☒

*RELATED CASE, IF ANY:*
Case Number: __Civil Action No. 3633__　Judge __Michael M. Baylson__　　Date Terminated: __February 1, 2010__

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☒　No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☒　No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes☐　No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes☐　No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
(Please specify) **FTCA**

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify)

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, __Annetta Foster Givhan_____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _____　　_____　　_____
　　　　　　　　　　　　　　Annetta Foster Givhan, AUSA　　　　　　Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _Feb. 8, 2012_　　_Annetta Foster Givhan_　　_PA 48190_
　　　　　　　　　　　Annetta Foster Givhan, AUSA　　　　Attorney I.D.#

**\*On October 21, 2010, the Third Circuit issued a mandate in Civil Appeal No. 10-1912, which affirmed the dismissal of Plaintiff's civil action.**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:___EUFROSINA DIACONU, 533 East Luray Street, Philadelphia, Pennsylvania 19120

Address of Defendants:___SKYLINE TRANSPORTATION, 1008 Styline Drive, Huntingburg, IN 47542; JAMES E. COLLINS, Rt. 1, Box 396, Wallace, WV 26448;

WILSON, ELSER MOSKOWITZ, EDELMAN & DICKER LLP, The Curtis Ctr., Suite 1130 East, Philadelphia, PA 19106; DEFENSE LOGISTICS AGENCY,

700 Robbins Street, Philadelphia, PA 19111

Place of Accident, Incident or Transaction:__Philadelphia, Pennsylvania
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes☐  No☒

Does this case involve multidistrict litigation possibilities?  Yes☐  No☒

*RELATED CASE, IF ANY:*

Case Number:__Civil Action No. 3633___Judge___Michael M. Baylson___  Date Terminated:___February 1, 2010

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☒  No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☒  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
(Please specify)  FTCA

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I,___Annetta Foster Givhan___, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE:_____  _____  _____
Annetta Foster Givhan, AUSA  Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE:___Feb. 8, 2012___  *Annetta Foster Givhan*  ___PA 48190___
Annetta Foster Givhan, AUSA  Attorney I.D.#

**\*On October 21, 2010, the Third Circuit issued a mandate in Civil Appeal No. 10-1912, which affirmed the dismissal of Plaintiff's civil action.**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| EUFROSINA DIACONU | : CIVIL ACTION NO. |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| SKYLINE TRANSPORTATION | : |
| and | : |
| JAMES E. COLLINS | : |
| and | : |
| WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP et al. | : |
| and | : |
| DEFENSE LOGISTICS AGENCY | : |
| Defendants. | : |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.                                    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.                                    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.                                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)                                    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.                                    (X)

| | | |
|---|---|---|
| *Feb. 8, 2012* | *Annetta Foster Givhan* | |
| **Date** | **Annetta Foster Givhan, AUSA** | **Attorney for Defendant** |
| 215-861-8319 | 215-861-8618 | annetta.givhan@usdoj.gov |
| **Telephone** | **FAX Number** | **E-Mail Address** |

## Civil Justice Expense and Delay Reduction Plan
## Section 1:03 - Assignment to a Management Track

(a)      The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)      In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)      The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)      Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)      Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
## (See §1.02 (e) Management Track Definitions of the
## Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EUFROSINA DIACONU                      :        CIVIL ACTION
533 East Luray Street                  :
Philadelphia, PA 19120                 :
                                       :
            Plaintiff,                 :
                                       :
        v.                             :
                                       :
SKYLINE TRANSPORTATION                 :
1008 Styline Drive                     :
Huntingburg, IN 47542                  :
                                       :
        and                            :
                                       :
JAMES E. COLLINS                       :
Route 1, Box 396                       :
Wallace, WV 26448                      :
                                       :
        and                            :
                                       :
WILSON, ELSER MOSKOWITZ                :
EDELMAN & DICKER LLP, et al.           :
Independence Square West               :
The Curtis Center, Suite 1130 East     :
Philadelphia, PA 19106-3308            :
                                       :
        and                            :
                                       :
DEFENSE LOGISTICS AGENCY               :
700 Robbins Street                     :
Philadelphia, PA 19111-5008            :
                                       :
            Defendants.                :        No. _____

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1346(b), § 1442(a)(1), and the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2401(b) and 2671, et seq., the United States of America, on behalf of its agency, defendant Defense Logistics Agency (the "DLA"), removes this action to the United States District Court for the Eastern

District of Pennsylvania and, in support thereof, avers as follows:

      1.   On January 9, 2012, plaintiff Eufrosina Diaconu purported to commence this action against defendant Defense Logistics Agency (the "DLA") and several private parties by filing a pleading titled "Complaint - Tort Civil Action" (the "Complaint") in the Court of Common Pleas of Philadelphia County at Civil Action, January Term 2012 - 000842. A copy of the Complaint is attached hereto as Exhibit "A."

      2.   Plaintiff mailed the Complaint to DLA through the United States Postal Service and it was received on January 11, 2012.

      3.   The gravamen of plaintiff's claims against the DLA are that plaintiff was involved in a motor vehicle collision in New York in 2005, Complaint at ¶ 4, while she already had injuries caused by her employer DLA for which she had worked until 1995. Complaint. Id. at ¶¶ 4, 7. Plaintiff's work related injuries rendered her permanently disabled but, in plaintiff's view, "the issues actually were never adjudicated" in the Eastern District of Pennsylvania. Id. at ¶ 5.

      4.   Plaintiff alleges that defendant James E. Collins hit the rear-end of her car while he was driving a tractor trailer registered to defendant Skyline Transportation, Complaint at ¶ 8, and that defendant Wilson, Elser, Moskowitz, Edelman &

2

Dicker LLP was the law firm that represented defendants Collins and Skyline Transportation when plaintiff sued them in New York state court.  Id. at ¶ 10.

    5.   The Complaint purports to allege four causes of action in tort against all defendants; as those claims relate to the federal agency, DLA, plaintiff alleges causes of action for:

(a)   "Liability" because DLA exposed her to "hazardous materials" in the workplace "making it easier to have her health damaged by exterior factors such as a rear-end" collision ("First Claim for Relief"). Complaint at ¶ 17;

(b)   "Cancer" because the materials to which DLA exposed plaintiff in the workplace were "medically known to cause endometrial cancer" ("Second Claim for Relief"). Id. at ¶ 23.

(c)   "Damage to the Spine" because the materials to which DLA exposed plaintiff in the workplace weakened "her immune system and spine" ("Third Claim for Relief").  Id. at ¶ 25; and

(d)   "Miscellaneous" because DLA should pay part of "[p]laintiff's long term medical care" ("Fourth Claim for Relief").  Id. at ¶ 28.

3

6.    Because plaintiff has sued the federal agency DLA in tort for alleged personal injuries, this action falls within the purview of the Federal Tort Claims Act (the "FTCA"), 28 U.S.C. §§ 1346(b), 2401(b) and 2671, et seq.

7.    This action must be removed to this Court pursuant to 28 U.S.C. §§ 1346(b), § 1442(a)(1) and Section 2679 of the FTCA for the reason that this is lawsuit for money damages against an agency of the United States for alleged injuries caused by the wrongful act or omission of employees of the federal government while acting in the scope of their employment over which this Court has "exclusive jurisdiction." 28 U.S.C. § 1346(b)(1), § 1442(a)(1), § 2679(a).

8.    A certified copy of this Notice of Removal is being filed in the Prothonotary's Office of the Court of Common Pleas of Philadelphia County, Pennsylvania, and copies are being sent to all adverse parties pursuant to 28 U.S.C. § 1446(d).

9.    Removal of this action is timely under 28 U.S.C. § 1446(b) which provides a thirty (30) day period for removal after notice of a removable action, in that this action is being removed before expiration of the thirty day period after receipt of plaintiff's Complaint.

4

10.   This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

ZANE DAVID MEMEGER
United States Attorney


MARGARET L. HUTCHINSON
Assistant United States Attorney
Chief, Civil Division

ANNETTA FOSTER GIVHAN
Assistant United States Attorney
United States Attorney's Office
Eastern District of Pennsylvania
615 Chestnut Street, Suite 1250
Philadelphia, PA  19106-4476
(215) 861-8319

Attorneys for United States of
America, acting on behalf of
Defendant Defense Logistics Agency

Dated: February 8, 2012

# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division
## Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

JANUARY 2012
000842

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| EUFROSINA DIACONU | SKYLINE TRANSPORTATION |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| 533 East Luray Street Philadelphia, PA 19120 | 1008 Styline Drive Huntingburg, IN 47542 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|  | JAMES E. COLLINS |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|  | RT. 1, Box 396 Wallace, WV 26448 |
| Defendant: DEFENSE LOGISTICS AGENCY | DEFENDANT'S NAME |
| 700 Robbins Street | WILSON,ELSER,MOSKOWITZ,ELDER & DICKER LLP |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| Philadelphia, PA 19111-5098 | Independence Square West The Curtis Center Suite 1130East Philadelphia, PA 19106-3308 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NO. OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 4 | ☒ Complaint ☐ Petition Action ☐ Notice of Appeal ☐ Writ of Summons ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less ☒ More than $50,000.00 | ☐ Arbitration ☒ Jury ☐ Non-Jury ☐ Other | ☐ Mass Tort ☐ Savings Action ☐ Petition | ☐ Minor Court Appeal ☐ Statutory Appeals ☐ Commerce (Completion of Addendum Required) | ☐ Settlement ☐ Minors ☐ W/D/Survival |

CASE TYPE AND CODE (SEE INSTRUCTIONS)

STATUTORY BASIS FOR CAUSE OF ACTION (SEE INSTRUCTIONS)

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

Diaconu Vs Skyline Transportation Etal-CMPLT

IS CASE SUBJECT TO COORDINATION ORDER? Yes ☐ No ☒

12010084200005

## TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant:

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS (SEE INSTRUCTIONS) |
|---|---|
| PHONE NUMBER | FAX NUMBER |
| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
| SIGNATURE | DATE |

FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
COURT OF COMMON PLEAS OF PHILADELPHIA

```
------------------------------X
EUFROSINA DIACONU,           :
      Plaintiff, Pro Se       :                      JANUARY 2012
                              :
         v.                   :
                              :
SKYLINE TRANSPORTATION        :                      000842
      and                     :
JAMES E. COLLINS              :
      and                     :
WILSON, ELSER, MOSKOWITZ,     :
  EDELMAN & DICKER LLP et al.:
      and                     :
DEFENSE LOGISTICS AGENCY,     :
            Defendants.       :
------------------------------X
```

**ATTEST**

JAN 0 9 2012

J. COURTNEY

### NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| *You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.* | *Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.* |
| Philadelphia Bar Association Lawyer Referral and Information Service One Reading Center Philadelphia, Pennsylvania 19107 (215) 238-6333 TTY (215) 451-6197 | Asociacion De Licenciados De Filadelfia Servicio De Referencia E Informacion Legal One Reading Center Filadelfia, Pennsylvania 19107 (215) 238-6333 TTY (215) 451-6197 |

10-284

NOTICE TO PLEAD

TO: Defendants:
You are hereby notified to
file a written response to
the enclosed Complaint
within twenty (20) days from
the date of service hereof
or a judgement may be
entered against you.


EUFROSINA DIACONU
    Plaintiff, acting Pro Se &
        In Forma Pauperis.


JURY TRIAL DEMAND

THIS IS NOT AN ARBITRATION CASE

ASSESSMENT OF DAMAGES:
    GREATLY EXCEEDS $ 75,000.00

MOTOR VEHICLE CASE

MALPRACTICE

FEDERAL & PA. VIOLATIONS OF
ENVIRONMENTAL LAWS, FTCA, FSIA

PA. UCATA


---------------------------------:
EUFROSINA DIACONU,             :
    Plaintiff,                 :
    Pro Se & In Forma Pauperis :          PHILADELPHIA COUNTY
                               :
Address:                       :        COURT OF COMMON PLEASE
    533 East Luray Street      :           TRIAL DIVISION
    Philadelphia, PA 19120     :                  JANUARY 2012
                               :         2012 Term
            v.                 :
                               :        No._____ 000842
SKYLINE TRANSPORTATION         :
Address:                       :
    1008 Styline Drive         :
    Huntingburg, IN 47542      :
                               :
            AN                 :D

Page 1

JAMES E COLLINS
Address.
    RT : Box 396
    Wallace  WV 26448

        AND

WILSON, ELSER  MOSKOWITZ
EDELMAN & DICKER LLP et al.
Address:
    Independence Square West
    The Curtis Center
    Suite 1130 East
    Philadelphia, PA 19106-3308

        AND

DEFENSE LOGISTICS AGENCY et al.:
Address:
    700 Robbins Street
    Philadelphia, PA 19111-5008

                Defendants.
----------------------------------X

## COMPLAINT – TORT CIVIL ACTION
### (Mix Case)

Filed <u>Pro Se</u> and <u>In Forma Pauperis</u>, Plaintiff, a 70 year old, totally and permanently disabled with a very severe speech impediment, a naturalized U.S. citizen, white female brings this mix-case tort civil action against the Defendants, and in her support thereof she avers as follows:

### I.   NATURE OF THE CASE

1. This is a mix tort civil action against all Defendants for their individually and collectively contribution to the Plaintiff's current irreversibly physical and neurological health damages caused exclusively by the defendants, for response to medical costs up-to-date and for future/long term medical costs, for compensatory relief, injunctive relief, property damages, liability, declaratory relief and other reliefs as this Honorable Court may find to be correct and just.

2. The instant mix tort civil action is filed pursuant to the Pa. CSA 75; Pa. CSA 77; Pennsylvania Uniform Contribution Among Tortfeasors Act ("UCATA") 42 Pa. 8000 et al; Declaratory Judgement Act -28 USC 2201; 35 Pa. Stat. et al; Federal & State RCRA, CAA, CWA, TSCA, Workers Compensation; Long-Term Care Insurance Model Act (National Association of Insurance Commissioner-Model Act 640April 2000); Federal Tort Claims Act ("FTCA")-28 USC 1346(b,; Federal; and State Americans with Disabilities Act ("ADA") and under the FOREIGN SOVERIGN IMMUNITIES ACT ("FSIA")-28 USC1605(a)(7).

## II.   VENUE

3. The instant case is properly filed in this Court pursuant: Pa. RCP 1503; Pa. RCP 2179; Pa. RCP 1006 et al.; FTCA 28 USC 1346(b) on that the liability of the United States is determined by the law of place of negligence (City of Philadelphia, Pennsylvania) and under FSIA on that even when an instrumentality or agency is not itself accused of an act of terrorism, the Courts in the United States have subject matter jurisdiction over the foreign entity's assets.

4. This Honorable Court has jurisdiction over the instant mix tort civil action on the ground that: (i) Plaintiff, EUFROSINA DIACONU, is a permanent resident of the City of Philadelphia, Pennsylvania sience 07.01.1990. (ii) Defendant WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP is a resident of the City of Philadelphia, Pennsylvania. (iii) Defendant DEFENSE LOGISTICS AGENCY et al is a resident of the City of Philadelphia, Pennsylvania, and (iv), at the time of the motor vehicle collition, 11.17.2005, Plaintiff had a pre-existing physical and neurological injury caused also by defendant Defense Logistics Agency et al.

5. The instant mix tort civil action is filed as de novo on the ground that, against Plaintiff's better judgement although previously the issues were split in two different courts (the New York State Supreme Court where the motor vehicle collision occurred and in the U.S. District Court For the Eastern District of Pennsylvania for the FTCA portion of the case), the issues actually were never adjudicated in a court forum the result of which Plaintiff is still severely injured financially, physically and neurologically.

6. Plaintiff files the instant mix tort civil action under the Commonwealth of Pennsylvania's catch-all six year period

## III.   PARTIES

7. PLAINTIFF, EUFROSINA DIACONU, hereafter addressed only as the Plaintiff, is a 70 year old naturalized U.S. citizen, white female, an ex-environmental engineer who worked for defendant Defense Logistics Agency at its field activity Defense Personnel Support Center ("DPSC") in south Philadelphia until she became irreversibly totally and permanently disabled the result of which, after in 04.25.1995 she filed a FECA claim, in retaliation, she was immediately fired effective 05.05.1995. This 1995 FECA claim is still before the U.S. Department of Labor.

Plaintiff is not a lawyer, nor does she have any formal education and/or professional experience in the legal field, except as it pertains to the understanding of the legal aspect of the environmental engineering field received while she worked for DPSC as an environmental engineer.

8. Defendant JAMES E. COLLINS of Wallace, West Virginia is the driver who on 11.17.2005 rear-ended while moving Plaintiff's vehicle who was in front of him. At the time of the rear-ended collision he was operating a VOLVO tractor-trailer registered to the SKYLINE TRANSPORTATION of Huntingburg, Indiana.

9. Defendant <u>SKYLINE TRANSPORTATION</u> of Huntingburgh, IN. was an instrumentality of a foreign state/government who was engaged in a commercial activity in the United States and whose activity was disolved effective 05.25.2005. YET, on 11.17.2005 was still operating in the U.S.A.. Pursuant 28 USC 1605(a) defendant SKYLINE TRANSPORTATION is not immune from tort action against them.

10. Defendant <u>WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP</u> et al. (hereafter addressed only as "WEME&D") is the law firm that represented defendant SKYLINE TRANSPORTATION and defendant JAMES E. COLLINS while the collision portion of the case was in the New York State Supreme Court For The County of Kings Index No. 38504/07. During 2007 to 2011 period when Plaintiff filed a motion to transfer the case from Brooklin, County of Kings to the Philadelphia Court, WEME&D refused to respond to Plaintiff's INTEREGOTORIES AND REQUEST FOR INFORMATION and PRODUCTION OF DOCUMENTS; refused to disclosed the name of the government defendant SKYLINE TRANSPORTATION was operating, its address and financial information; refused to disclose and to provide insurance informations; lied and lied by omission about the status of the SKYLINE TRANSPORTATION & JAMES E. COLLINS. While the case was in the New York State, WEME&D engaged in a fraudulent/ criminal activity by falsifying the signature of a King's County Judge and made false statement of the facts.

11. Defendant <u>DEFENSE LOGISTICS AGENCY</u> ("DLA") et al. is Plaintiff's ex-employer. In 1990 DLA forced Plaintiff to relocate from Alameda California to DPSC, its field activity in south Philadelphia, Pennsylvania. After being sued by the Pennsylvania Department of Environmental Protection ("Pa DEP"), the Environmental Management Board ("EMB") found that DLA/DPSC was a cesspool of hazardous chemicals and materials, who contaminated its soil, the groundwater and all buildings in the base; the contamination migrated outside the boundaries of DLA/DPSC's property line, the result of which DLA compensated the City of Philadelphia and the State with over 130 million dollars, demolished all its buildings

but two (2) and was instructed to conduct soil and groundwater remedial actions for the entire contaminated area in south Philedelphia. DLA/DPSC was also instructed to conduct/prepare a comprehensive health impact report for the civilian employees working in the base and adjacent areas as well as for those living in the area contaminated by DLA/DPSC's activities. At the time of preparing this complaint mix tort civil action, DLA is yet to prepare and is yet to inform its ex-employees and those living in the area known to be contaminated about the health report and the impact the contamination had on their health.

### FIRST CLAIM OF RELIEF - LIABILITY

12. Defendant JAMES E. COLLINS is liable for causing the rear-end collision while Plaintiff was driving her car SB I·87 in 11.17.2005.

13. Defendant SKYLINE TRANSPORTATION is liable for still operating/conducting in-land commerce activity in 11.17.2005 when legally it has been dissolved effective 05.25.2005 (six (6) months earlier). Driven by defendant JAMES E. COLLINS, it was defendant SKYLINE TRANSPORTATION' vehicle that collided/rear-ended while driving SB I 87 with Plaintiff's car on 11.17.2005.

14. Defendant WEME&D is liable for refusing to provide during the 2007-2011 period pertinent and unimpeachable informations about their clients: defendant JAMES E. COLLINS and about defendant SKYLINE TRANSPORTATION.

15. Upon informations and beliefs defendant WEME&D is liable on that during the 2007-2011 period lied and lied by omission and committed forgery when presented the pro se Plaintiff with a legal document as being signed by a NY State Supreme Court Judge, knowing very well that it was a forgery.

16. Upon informations and beliefs, defendant WEME&D is liable for the calculated and intentionally delivered tricks-of-the-trade maneuvers in order to deny Plaintiff's due process rights, to deny monetary compensation and to deny Plaintiff's proper health

care in order for her to recover from the 11.17.2007 rear-end
while moving collision caused by their clients.

17. Upon informations and beliefs Defendant DLA is liable on
the ground that knowingly yet, unknown to her and to all its
civilian employees working in the base, it has exposed Plaintiff
to numerous ultrahazardous chemicals and hazardous materials
known to distroy the immune system and damaged irreversibly her
central nervous system. Plaintiff has a severe speech impediment
and essential tremors ("ET"). Concealing from its civilian
employees of the DLA's ultrahazardous activities lead to Plaintiff's
weakening of her immune system, making it easier to have her
health damaged by exterior factors such as a rear-end while
moving vehicle collision.

SECOND CLAIM FOR RELIEF - CANCER

18. Upon informations and beliefs the impact to the Plaintiff's
pelvic area by the rear-end while moving motor vehicle collision
caused by defendant SKYLINE TRANSPORTATION & by defendant JAMES
E. COLLINS accelerated the manifestation of the endometrial
cancer. Plaintiff begone bleeding within 3 months after the
pelvic area has been impacted.

19. Upon informations and beliefs defendant SKYLINE TRANSPORTATION
and defendant JAMES E. COLLINS is financially responsible for the
03.18.2008 radical hysterectomy cancer surgery. After the
surgery, a biopsy of the tumors found that she had endometrial
cancer Stage 3 and cancer to the cervix Stage 1. The cancer
extended to the lymph nodes.

20. Upon informations and beliefs, defendant SKYLINE TRANSPORTATION
and defendant JAMES E. COLLINS both are financially responsible
for causing Plaintiff's cancer to the cervix due to trauma to the
pelvic area.

21. Upon informations and beliefs defendant SKYLINE TRANSPORTATION
and defendant JAMES E. COLLINS both are financially responsible
for radiation and chemotherapy treatments following the surgery.

22. Upon information and belief defendant WEME&D is financially responsible for by means of manipulations, lying and lying by omission, forgery of documents and refusing to disclose its financial interest in the defendant SKYLINE TRANSPORTATION as a foreign entity, who caused cancer to the cervix and precipitated the endometrial cancer leading to the surgery and to radiation and chemotherapy treatments after the surgery.

23. Defendant DLA is financial responsible for exposing Plaintiff, an ex-civilian employee, to endocrine disruptive chemicals and materials such as DDT, PCB, etc. medically known to cause endometrial cancer.

THIRD CLAIM FOR RELIEF – DAMAGE TO THE SPINE

24. Upon informations and beliefs defendant WEME&D's explicit support of defendants JAMES E. COLLINS and SKYLINE TRANSPORTATION's negligence, carelessness and recklessness while driving are all responsible for Plaintiff's disabling and irreversibly injuries to the spine; she continues to endure great pains and suffering; continues to prevent her from engaging in any kind of work. Plaintiff continues to be unable to engage in and attend to all daily activities, pursuit and pleasures associated with her as a person and station in life and remains otherwise rendered sick, sore and disabled.

25. Upon informations and beliefs defendant DLA's total disregard for Plaintiff's health by knowingly exposing her to ultrahazardous chemicals and materials is responsible for weakening her immune system and spine; it has rendered her sick, irreversibly disabled the result of which Plaintiff continues to suffer severe and disabling injuries; continues to endure great pain and suffering; continues to expend sums for medical care and treatment; continues to be unable to engage in and attend to all daily activities, pursuits and pleasures associated with Plaintiff's person and her station in life.

## FOURTH CLAIM FOR RELIEF - MISCELLANEOUS

26. Upon informations and beliefs all defendants jointly and severally are responsible for the severe pains and suffering caused by the cancer before and after the surgery and for pains and suffering during the radiation and chemotherapy treatments. The cancer was precipitated and/or caused by the defendants' 11.17.2005 rear-ended while moving motor vehicle collision.

27. Upon informations and beliefs all defendants jointly and severally are responsible for Plaintiff's fear of recurrence of the cancer and future costs of treatments.

28. Upon informations and beliefs all defendants jointly and severally are responsible for Plaintiff's long-term medical care for damages to her health (physical, neurological and emotional) as a result of cancer surgery and followed-up treatments. The cancer was precipitated and/or caused by defendant's 11.17.2005 rear-ended while moving motor vehicle collision.

29. Upon informations and beliefs all defendants jointly and severally are responsible for Plaintiff's long-term medical care including home care and personal care as a result of the spine injuries caused by the 11.17.2005 rear-ended while moving motor vehicle collision.

30. Upon informations and beliefs defendant SKYLINE TRANSPORTATION and defendant JAMES E. COLLINS is financially responsible for the damages to Plaintiff's car and to the car's top-shell.

By this, Plaintiff respectfully acknowledges the well known displeasure of the Courts for pro se litigants in general and for those filing cases against powerfully defendants be them a Federal entity, foreign state/government and/or a very powerful law firm in particular. HOWEVER, Plaintiff respectfully reminds this Honorable Court that IF wouldn't have been for the cumulative effect of the action committed by each identified defendant, Plaintiff would NOT have been forced to file the instant complaint-mix tort civil action.

Given her condition (financial, physical and medical) the alternative would be to become subject to the Commonwealth of Pennsylvania, to be supported exclusively by the Pennsylvania's tax payers.

**WHEREFORE**, the pro se and in forma pauperis Plaintiff prays for a judgement against all defendants jointly and severally in a sum within this jurisdictional limits of this Court to be determined at the time of the trial together with the costs and disbursements of this action and granting declaratory and such other and further relief as is just and proper. THANK YOU !

Respectfully submitted,

Dated: January 09, 2012

EUFROSINA DIACONU,
Plaintiff Pro Se &
In Forma Pauperis.
533 East Luray Street
Philadelphia, PA 19120

Sworn to and subscribed before me this

9 day of Jan , 2012

Notary Public
COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
JOSEPH H. EVANGELISTA, Notary Public
City of Philadelphia, Phila. County
My Commission Expires April 7, 2013

page 10

## VERIFICATION

I, _Eufrosina Diaconu_, Plaintiff/Defendant, verify that the facts set

forth in the foregoing are true and correct to the best of my information, knowledge, and belief.

I understand that the statements contained herein are subject to the Penalties of 18 Pa.

C.S.A., §4904 relating to unsworn falsification to authorities.


_Eufrosina Diaconu_
(Print Name)


_[signature]_
(Signature)

Date: _1-9-12_

## CERTIFICATE OF SERVICE

The undersigned attorney for the United States certifies that true and correct copies of the foregoing Notice of Removal are being served this date on all parties as follows:

EUFROSINA DIACONU
533 East Luray Street
Philadelphia, PA 19120


SKYLINE TRANSPORTATION
1008 Styline Drive
Huntingburg, IN 47542


JAMES E. COLLINS
Route 1, Box 396
Wallace, WV 26448


WILSON, ELSER MOSKOWITZ
EDELMAN & DICKER LLP
Independence Square West
The Curtis Center, Suite 1130 East
Philadelphia, PA 19106-3308


Annetta Foster Givhan
Assistant United States Attorney

Dated:     February 8, 2012