**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

EUFROSINA DIACONU,                    :
                                      :
                    Plaintiff,        :    CIVIL ACTION
                                      :
        v.                            :    NO. 12-cv-0663
                                      :
SKYLINE TRANSPORTATION,               :
JAMES E. COLLINS, WILSON, ELSER,      :
MOSKOWITZ, EDELMAN & DICKER LLP,      :
and DEFENSE LOGISTICS AGENCY          :

                    Defendants.

**MEMORANDUM AND ORDER**

**Joyner, C.J.**                              **September 18, 2012**

        Before this Court are Defendant Skyline Transportation's
Motion to Dismiss (Doc. No. 7), Defendant Wilson, Elser,
Moskowitz, Edelman & Dicker's Motion for a More Definite
Statement and Motion to Dismiss (Doc. No. 3), Plaintiff's
Response in opposition thereto (Doc. No. 9), Defendant's Reply in
further support thereof (Doc. No. 12), Defendant Defense Logistic
Agency's Motion to Dismiss All Claims Against the Federal
Defendant After Substituting the United States for Its Agency,
Defendant Defense Logistics Agency (Doc. No. 31), and Plaintiff's
Response in opposition thereto (Doc. No. 33).[1]  For the reasons
set forth in this Memorandum, all motions are granted, except the
Motion for a More Definite Statement.

_____

        [1] The Court will resolve the other motions pending in this case by
separate order.

## I.   FACTS AND PROCEDURAL HISTORY

The Court looks to the Plaintiff's Complaint for an account of the events underlying this action, which we accept as true for the purposes of resolving the instant Motions to Dismiss. <u>See</u> <u>Vallies v. Sky Bank</u>, 432 F.3d 493, 494 (3d Cir. 2006).  Plaintiff Eufrosina Diaconu ("Plaintiff" or "Diaconu"), filing the present action *pro se*, worked for Defendant Defense Logistics Agency ("DLA") at its field activity Defense Personnel Support Center in Philadelphia until 1995.  (Compl. ¶ 7, Doc. No. 1).  During the time that Diaconu worked for DLA, she was exposed to numerous toxic and hazardous chemicals and developed a speech impediment, essential tremors, and endometrial cancer, among other injuries.  (Compl. ¶¶ 17, 23, Doc. No. 1).

On November 17, 2005, James E. Collins rear-ended Plaintiff's vehicle while driving on I-87 in New York State.  (Compl. ¶ 12, Doc. No. 1).  Collins was driving a tractor-trailer owned by Defendant Skyline Transportation.  (Compl. ¶¶ 8, 13, Doc. No. 1).  During a lawsuit over the collision in the New York State Supreme Court, Defendant Wilson, Elser, Moskowitz, Edelman & Dicker ("Wilson Elser") represented Skyline Transportation and James Collins.  (Compl. ¶ 10, Doc. No. 1).

The history of the cases Plaintiff has filed prior to this one has been detailed elsewhere.  <u>See</u> <u>Eufrosina v. Gates</u>, No. 08-3633, 2009 WL 4122728, at *1-*2 (E.D. Pa. Nov. 24, 2009).  The

Court will therefore only recite the procedural history that is relevant to the pending motions.[2]

In 1999, a decision by Judge Weiner dismissed as time barred Plaintiff's claims regarding injuries incurred during her time working for DLA.  Eufrosina Diaconu v. Defense Logistics Agency, No. 98-6533, 1999 WL 238954 (E.D. Pa. April 2, 1999).  This decision dismissing Plaintiff's claims was upheld by the Third Circuit.[3]  Eufrosina Diaconu v. Defense Logistics Agency, 33 F. App'x 647 (3d Cir. April 16, 2002).

In 2007, Plaintiff commenced another action seeking relief under the Federal Tort Claims Act ("FTCA") after she developed cancer allegedly attributable to her employment with DLA. Eufrosina Diaconu v. Gates, No. 08-3633, 2009 WL 4122728, at *1 (E.D. Pa. Nov. 24, 2009).  Judge Baylson placed the case in civil suspense while Plaintiff exhausted the necessary administrative remedies.  Diaconu v. Secretary of Defense, No. 08-564448, 2009 WL 564448 (E.D. Pa. March 5, 2009).  The Tort Claims division for the Department of the Army denied her administrative claims, on the grounds that the Federal Employees' Compensation Act ("FECA")

_____

[2] The Court will not attempt to recite the procedural history for "the collision portion" of the case in New York State Supreme Court, except to note that the index number for this case is 38504/07, and Eufrosina Diaconu appears as the Plaintiff and Skyline Transportation and James E. Collins appear as Defendants.  (Ex. 2, Pl. Resp. in Opp. To Def. Wilson Elser's Mot. to Dismiss, Doc. No. 9).

[3] The Third Circuit affirmed the district court's judgment dismissing Diaconu's claim, but vacated the judgment dismissing the claims of another plaintiff, Dorothy Butler.  Diaconu v. Defense Logistics Agency, No. 98-6533 (3d Cir. April 16, 2002).

barred her FTCA claims.  <u>Eufrosina Diaconu v. Gates</u>, No. 08-3633, 2009 WL 4122728, at *2 (E.D. Pa. Nov. 24, 2009).  Judge Baylson dismissed her claims, finding that her injuries were covered under FECA, the "exclusive remedy for such injuries."  <u>Id.</u> at *3. The Court dismissed the claims without prejudice to her seeking relief under FECA by refiling with the Department of Labor.  The Third Circuit affirmed Judge Baylson's decision finding that FECA barred Plaintiff's FTCA claim for her work-related injury. <u>Eufrosina Diaconu v. Secretary of Defense</u>, 10-1912, 2010 WL 3394270, at *2-*3 (3d Cir. Aug. 30 2010).

The Plaintiff filed the Complaint in this case in the Court of Common Pleas on January 9, 2012.  Defendant Defense Logistics Agency removed the case to this Court effective February 8, 2012.

## II.  STANDARDS OF REVIEW

In considering a motion to dismiss pursuant to Rule 12(b)(6), the district court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom."  <u>Krantz v. Prudential Invs. Fund Mgmt.</u>, 305 F.3d 140, 142 (3d Cir. 2002) (quoting <u>Nami v. Fauver</u>, 82 F.3d 63, 65 (3d Cir. 1996)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).  "A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  The plaintiff need not satisfy any "probability" requirement, but must set forth "more than a sheer possibility that a defendant has acted unwillingly." Id.

"[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). "When presented with a *pro se* litigant, [the Court has] a special obligation to construe his complaint liberally." Higgs v. Attorney General of the United States, 655 F.3d 333, 339 (3d Cir. 2011)(citations omitted).  "Thus, even if a *pro se* plaintiff's claims are not set out in the clearest fashion, the Court is obligated to discern all the possible claims that the Plaintiff may be alleging." Thomas-Warner v. City of Phila., 2011 U.S. Dist. LEXIS 146029, at *10 (E.D. Pa. Dec. 20, 2011).  However, in doing so the Court still determines whether *pro se* plaintiffs have alleged sufficient facts to support the claims divined from the pleadings.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.  Moreover, "[a]lthough the Court must accept well-pleaded facts as true, it need not credit bald assertions or legal conclusions." In re Burlington Coat

<u>Factory Sec. Litig.</u>, 114 F.3d 1410, 1429 (3d Cir. 1997).[4]

### III.  DISCUSSION

### A.  Defendant Skyline (Styline) Transportation

On February 21, 2012, Defendant Skyline Transportation[5] moved to dismiss Plaintiff's Complaint as to Skyline Transportation under Fed. R. Civ. P. 12(b)(6).  (Mot. of Def. Skyline Transportation to Dismiss Pl.'s Compl., Doc. No. 7). This Court has searched the docket, but cannot find a response to this Motion to Dismiss filed by the Plaintiff.  Although the docket reflects that the Response at Docket Number 9 is to Skyline's motion, it is in fact a response to Wilson Elser's Motion to Dismiss, not Skyline's Motion to Dismiss.  Under the Eastern District of Pennsylvania's Local Rules of Civil Procedure, if a response to a motion is not filed within 14 days after service of the motion, "the motion may be granted as uncontested."  Local Rule of Civil Procedure 7.1(c).  The Court will therefore grant Defendant Skyline's Motion to Dismiss all

---

[4] Both parties attach documents to their pleadings. "In evaluating a motion to dismiss, we may consider documents that are attached to or submitted with the complaint and any matters incorporated by reference or integral to the claim." <u>Buck v. Hampton Twp. Sch. Dist.</u>, 452 F.3d 256, 260 (3d Cir. 2006).  Additionally, "[t]o resolve a 12(b)(6) motion, a court may properly look at public records, including judicial proceedings, in addition to the allegations in the complaint." <u>S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.</u>, 181 F.3d 410, 426 (3d Cir. 1999).

[5] Defendants state that the Defendant identified as "Skyline Transportation" in the Plaintiff's Complaint is actually called "Styline Transportation."  (Mot. of Def. Skyline Transportation to Dismiss Pl.'s Compl., Doc. No. 7).  For the sake of uniformity with the docket, this Court will continue to refer to this Defendant as "Skyline Transportation."

claims in Plaintiff's complaint as to Skyline Transportation with
prejudice.[6]

### B.  Defendant Wilson Elser

On February 16, 2012, Defendant Wilson Elser filed Motions
for a More Definite Statement and Dismissal of Defendant Wilson
Elser and a Memorandum of Law in support thereof.  (Doc. No. 3).
Plaintiff filed a Response in Opposition to Wilson Elser's motion
(Doc. No. 9), and Wilson Elser filed a Reply.  (Doc. No. 12).

Wilson Elser argues that Fed. R. Civ. P. 9(b) requires more
particularity in Plaintiff's allegations of fraud against Wilson

---

[6] The Court notes that even if the Plaintiff had responded in opposition
to Skyline's Motion to Dismiss, it appears that the Motion should be granted
regardless.  The claims against Skyline Transportation in Plaintiff's
Complaint all stem from the November 17, 2005 accident between Plaintiff and
James Collins, Skyline's employee.  (Compl. ¶¶ 13, 18-21, 24, 26-30).  The
Pennsylvania borrowing statute provides that the applicable statute of
limitations period is whichever is shorter between the limitations period of
the place where the claim accrued and that of Pennsylvania.  42 Pa.C.S.
§ 5521(b).  In Pennsylvania, the limitations period for a personal injury
claim is two years.  42 Pa.C.S. § 5524(2).  In New York, the statute of
limitations for personal injury is three years.  N.Y. C.P.L.R. § 214
(McKinney).  Therefore, the two year statute of limitations would apply in
this present matter, filed in Pennsylvania state court and removed to this
Court.  Generally, a cause of action accrues, and the statute of limitations
period begins to run, when an injury is inflicted.  Wilson v. El-Daief, 600
Pa. 161, 174 (2009).  When a case involves latent injury, "the discovery rule
may operate to toll the statute of limitations until the plaintiff discovers,
or reasonably should discover, that she has been injured and that her injury
has been caused by another party's conduct."  Id.  Therefore, the relevant
accrual date is either November 17, 2005, the date of the car accident, or
when the Plaintiff discovered the injuries alleged in the Complaint, if they
were not immediately discoverable.  Plaintiff states that she had radical
hysterectomy cancer surgery on March 18, 2008.  Even if the Court were to use
the later of these two dates, Plaintiff's claims would still be untimely.
Although normally, a statute of limitations defense can only be raised in the
answer, the Third Circuit permits consideration of a statute of limitations
defense in a Motion under Fed. R. Civ. P. 12(b)(6) under some circumstances.
Such "an exception is made where the complaint facially shows noncompliance
with the limitations period and the affirmative defense clearly appears on the
face of the pleading."  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d
1380, 1385 n.1 (3d Cir. 1994); see also Robinson v. Johnson, 313 F.3d 128, 135
(3d Cir. 2002).

Elser, and that if she fails to provide such specificity, several
paragraphs of the complaint must be striken for failure to plead
fraud with the required specificity.  (Mem. of Law in Supp. of
Mot. for a More Definite Statement and Dismissal of Def. Wilson
Elser, at 2-3, Doc. No. 3).  Wilson Elser then argues that in the
absence of a specified fraud allegation, Plaintiff presents no
claims against Wilson Elser in her complaint, as the complaint
"contains nothing more than a litany of grievances about the way
Wilson Elser represented her adversaries in her New York personal
injury action."  (Id. at 3).  In the absence of fraud, Wilson
Elser argues, an attorney can only be liable to his client.
(Id.)

     In her Complaint and her Response to Wilson Elser's motions,
the Plaintiff makes a number of allegations against Wilson Elser.
First, Plaintiff alleges that Wilson Elser engaged in fraud by
"falsifying the signature of a King's County Judge" and
presenting Plaintiff "with a legal document as being signed by a
NY State Supreme Court Judge, knowing very well that it was a
forgery."  (Compl. ¶¶ 10, 15, Doc. No. 1).  In her Response to
Wilson Elser's Motion to Dismiss, Plaintiff further specifies her
allegations, identifying a document from the New York State
Supreme Court dated June 15, 2010 and alleging that it is a
forgery.  (Resp. in Opposition to Def. Wilson Elser's Mot. to
Dismiss, at 4, Ex. 6, Doc. No. 9).  Plaintiff further claims a

8

number of other vague allegations that could be termed fraud,
such as, "calculated and intentionally delivered tricks-of-the-
trade maneuvers," (Compl. ¶ 16, Doc. No. 1), and "manipulations,
lying, lying by omission, forgery of documents."  (Compl. ¶ 22,
Doc. No. 1).

"In alleging fraud or mistake, a party must state with
particularity the circumstances constituting fraud or mistake."
Fed. R. Civ. P. 9(b).  "[A] plaintiff alleging fraud must state
the circumstances of the alleged fraud with sufficient
particularity to place the defendant on notice of the precise
misconduct with which it is charged.  To satisfy this standard,
the plaintiff must plead or allege the date, time and place of
the alleged fraud or otherwise inject precision or some measure
of substantiation into a fraud allegation."  Frederico v. Home
Depot, 507 F.3d 188, 200 (3d Cir. 2007) (internal quotation marks
and citation omitted).

The Court accepts Plaintiff's above claims regarding the
court document as a sufficiently specified allegation of fraud
against Wilson Elser.  Under both Pennsylvania and New York law,[7]
the cause of action requires: (1) a material misrepresentation of
fact, (2) knowledge that the representation was false, (3)
intention to deceive or induce reliance, (4) justifiable reliance

_____

[7] At this moment, it is unclear whether Pennsylvania or New York law
would apply to the fraud allegations; however, the causes of action for fraud
in both states are almost identical.

9

on the part of the plaintiff, and (5) injury resulting from the representation.  See Colaizzi v. Beck, 895 A.2d 36, 39 (Pa. Super. Ct. 2006); Cohen v. Houseconnect Realty Corp., 289 A.D.2d 277, 278 (N.Y. App. Div. 2001).

Regarding the alleged falsified court document, even assuming the allegations meet the particularity requirement of Rule 9(b) the facts fail to support a claim of fraud.  Drawing reasonable inferences from the facts recited by Plaintiff, the Court does not find that the elements of the cause of action for fraud under either New York or Pennsylvania law have been met. Specifically, although we can construe Plaintiff's allegations to plead that Wilson Elser made material representations of fact that were false, knowing they were false, the Court cannot infer from the Complaint that Wilson Elser wanted to deceive the Plaintiff, that Plaintiff justifiably relied on the representations, or that she was injured.

Furthermore, granting the Plaintiff leave to amend these fraud allegations would be inequitable and futile, because the underlying claim is not meritorious.  The Court may look at public records, including judicial proceedings, in resolving a motion to dismiss.  S. Cross Overseas Agencies, 181 F.3d at 426. Having examined the New York State Supreme Court record in question, the Court finds no indica of forgery or impropriety. The Plaintiff points to the fact that the handwriting on the

10

order in question differs from other orders. (Resp. in Opposition to Def. Wilson Elser's Mot. to Dismiss, at 4, Ex. 6, Doc. No. 9). However, the signature of Judge David I. Schmidt on the document in question conforms to his signature on other orders. Therefore, even if the Court could infer the remaining elements of fraud, the Court would find that the document was not forged.

Plaintiff's other vague allegations of fraud - "tricks-of-the-trade maneuvers," and "manipulations, lying, lying by omission, forgery of documents," (Compl. ¶¶ 16, 22, Doc. No. 1) - are merely "bald assertions" that the Court need not accept, even under a liberal *pro se* pleading standard.  See In re Burlington Coat Factory, 114 F.3d at 1429.  These allegations do not state a claim for fraud, or any other cause of action.

With respect to Plaintiff's other allegations against Wilson Elser, to the extent that Plaintiff alleges legal malpractice on behalf of Wilson Elser, those claims must also fail.  "To recover damages for legal malpractice, a plaintiff must prove, inter alia, the existence of an attorney-client relationship." Nelson v. Kalathara, 48 A.D.3d 528, 529 (N.Y. App. Div. 2008); see also Smith v. Griffiths, 476 A.2d 22, 26 (Pa. Super. Ct. 1984) (stating that generally an attorney can only be held liable to a client).  As the Plaintiff has not pled that she was ever a client of the Defendants, and in fact avers quite the opposite,

the Plaintiff has failed to state a claim for legal malpractice
by Wilson Elser.

In sum, to the extent that the Court construed Plaintiff's
Complaint to raise claims of fraud and legal malpractice against
Defendant Wilson Elser,[8] those allegations fail to state a claim,
and the Court dismisses them pursuant to Fed. R. Civ. P.
12(b)(6).  Therefore, the Court grants Defendant Wilson Elser's
Motion to Dismiss with respect to all claims against Wilson
Elser, and dismisses them with prejudice.

### C.  Defendant DLA

On April 30, 2012, DLA filed a Motion to Dismiss All Claims
Against Federal Defendant After Substituting the United States
for Its Agency, Defendant Defense Logistics Agency and a
Memorandum of Law in support thereof.  (Doc. No. 31).  Plaintiff
filed a Response in Opposition to DLA's Motion to Dismiss on May
7, 2012.  (Doc. No. 33).

Defendant DLA first seeks to have the United States
substituted for DLA as the only proper defendant, and to have DLA
dismissed as a party.  (Mot. to Dismiss All Claims Against
Federal Defendant, Doc. No. 31).  The Court will grant this
request, as it is clear that the United States is the only proper

---

[8] This Court carefully reviewed the pleadings for any potentially viable
claims. We determine that the recognized claims of fraud and legal malpractice
comprise the whole of possible actions Plaintiff may have against Wilson Elser
arising out of the incidents described above.  To the extent Plaintiff
intended to allege claims not discussed in this Opinion, insofar as we cannot
discern what those claims might be, we find that they are not viable and are
properly dismissed.

12

party for claims under the FTCA.  The FTCA provides that the remedy provided under the Act is the exclusive remedy for injuries "arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."  28 U.S.C. § 2679(b)(1).  Such actions are deemed "an action against the United States" and proceed under the FTCA.  28 U.S.C. §§ 2679(d)(1),(d)(4).  Therefore, the Court dismisses all claims against DLA, and substitutes the United States as Defendant.[9]

Defendant DLA then seeks to have all claims against the United States dismissed.  DLA argues that all claims against the United States should be dismissed under res judicata because the claims were already pursued by the Plaintiff and decided by courts in other lawsuits.  (Mem. of Law in Supp. Of Defs. Mot. to Dismiss All Claims Against Federal Defendant, Doc. No. 31).  In her January 9, 2012 Complaint, Plaintiff alleges several tort claims against Defendant DLA.  Compl. ¶¶ 17, 23, 25, 26-29.  The claims against Defendant DLA can be described as follows: (1) liability for exposure to toxic chemicals that made it "easier to have her health damaged by exterior factors such as a rear-end" vehicle collision; (2) liability for Plaintiff's endometrial cancer resulting from exposure to toxic chemicals; (3) liability for a weakened immune system and spine from exposure to toxic

---

[9] The Court will refer to Defendant United States as Defendant DLA when describing motions made by DLA and references to DLA in the pleadings.

13

chemicals; (4) liability for pain and suffering resulting from Plaintiff's cancer, her fear of recurrence of cancer, and her long term medical care as a result of the cancer and the spine injuries.  (Id.)

Two previous cases in the Eastern District of Pennsylvania, detailed in the Facts and Procedural History section above, appear to have finally determined all of the claims in Plaintiff's Complaint.  The 1999 decision by Judge Weiner dismissed all of Plaintiff's claims regarding her injuries from her time working for DLA.  Eufrosina Diaconu v. Defense Logistics Agency, No. 98-6533, 1999 WL 238954 (E.D. Pa. April 2, 1999). The 2009 decision by Judge Baylson dismissed Plaintiff's claims due to a recently discovered cancer, as covered by FECA. Eufrosina Diaconu v. Gates, No. 08-3633, 2009 WL 4122728, at *1 (E.D. Pa. Nov. 24, 2009).  Both of these cases were affirmed as to the Plaintiff on appeal.  Eufrosina Diaconu v. Secretary of Defense, 10-1912, 2010 WL 3394270, at *2-*3 (3d Cir. Aug. 30 2010); Eufrosina Diaconu v. Defense Logistics Agency, 33 F. App'x 647 (3d Cir. April 16, 2002).

"Res judicata, also known as claim preclusion, bars a party from initiating a second suit against the same adversary based on the same 'cause of action' as the first suit." Duhaney v. Attorney Gen. of the U.S., 621 F.3d 340, 347 (3d Cir. 2010).  The party seeking to invoke res judicata must show three elements:

14

"(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." Id. (quoting In re Mullarkey, 536 F.3d 215, 225 (3d Cir. 2008)). Res judicata also bars claims that could have been brought in the previous action. Id. Res judicata can be raised in a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Walzer v. Muriel, Siebert & Co., Inc., 221 F. App'x 153, 155 (3d Cir. 2007).

Both the 1999 and the 2009 cases were final judgments on the merits of Plaintiff's case. They involved the same parties--the Plaintiff and various departments of the United States government. This suit is based on the same cause of action. Plaintiff does not present any claims that were not already adjudicated by either the 1999 case dismissing her work injury claims as time barred or the 2009 case dismissing her claims for the cancer she developed as exclusively governed by FECA.[10]

Therefore, the Court grant's Defendant DLA's Motion to Dismiss Plaintiff's claims against the United States with prejudice on the grounds of res judicata.

## IV.   CONCLUSION

---

[10] To the extent that Plaintiff's Complaint seeks to state a claim for newly discovered spinal problems caused by exposure to toxic chemicals but only discovered or manifesting because of the 2005 accident, those claims would be time barred. The FTCA has a 2-year statute of limitations, 28 U.S.C. § 2401(b), as does Pennsylvania law. 42 Pa. C.S.A. § 5524.

For the foregoing reasons, while the Court is sympathetic to Plaintiff's situation, the Court grants Defendant Skyline Transportation's Motion to Dismiss, Defendant Wilson Elser's Motion to Dismiss, and Defendant DLA's Motion to Dismiss All Claims Against the Federal Defendant After Substituting the United States for Its Agency, Defendant Defense Logistics Agency without leave to amend the Plaintiff's complaint.[11]  A separate order follows.

---

[11] "[E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time." Phillips v. County of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008).  The Court has considered whether granting leave for the Plaintiff to amend her Complaint would enable her to state a claim against these Defendants, and concluded that amending would be inequitable or futile.  Regardless of the specificity of the pleadings, Plaintiff's claims against Skyline Transportation would still be time barred, and her claims against DLA would still be barred by res judicata. Plaintiff's claims against Wilson Elser amount to dissatisfaction with the adversarial process and claims of fraud unjustified by the judicial record; therefore, leave to amend with regard to Wilson Elser would be inequitable. For the same reason, Wilson Elser's Motion for a More Definite Statement is denied.